IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. 4:12-cv-01520-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEVEN SEAS MARINE | ) | |
| CONSTRUCTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>CONSENT DECREE</u>**

WHEREAS, the Plaintiff, the United States of America, on behalf of the United States Army Corps of Engineers ("COE"), filed the Complaint herein against Defendant, Defendant Seven Seas Marine Construction, Inc., alleging that the Defendant violated Section 10 of the Rivers and Harbors Act of 1899 (RHA), 33 U.S.C. § 403;

WHEREAS, the Complaint alleges that Defendants violated Section 10 of the Rivers and Harbors Act of 1899 (RHA), 33 U.S.C. § 403 to obtain injunctive relief and civil penalties against Seven Seas Marine Construction, Inc. ("Defendant"), for the creation of an obstruction to the navigable waters of the United States in Horry County, South Carolina without authorization by the United States Department of the Army, as more fully described in Exhibit A hereto, known herein as the "Violation Site". The area is located in the Atlantic Intracoastal Waterway near Dick Pond Road, Socastee Township, in Horry County, South Carolina. It is alleged that Defendant deviated from permitted plans for a structure approved by the Chief of Engineers and Secretary of the Army. The deviation occurred in an area

classified as navigable waters of the United States. Army Corps of Engineers personnel made the determination of this violation based upon an on-site inspection, review of as-built drawings and photographs.

WHEREAS, the Complaint seeks (1) to enjoin the obstruction to the navigable capacity of the waters of the United States in violation of the RHA, 33 U.S.C. § 403 and (2) to require Defendant, at its own expense and at the direction of the U.S. Army Corps of Engineers, to relocate the dock in the Atlantic Intracoastal Waterway in Horry County as permitted by the Corps of Engineers;

WHEREAS, this Consent Decree is intended to constitute a complete and final settlement of the United States' claims under the RHA set forth in the Complaint regarding the "Violation Site" between the Defendant and the United States;

WHEREAS, the United States and the Defendant agree that settlement of this case is in the public interest and that entry of this Consent Decree is the most appropriate means of resolving the United States' claims against the Defendant in this case; and

WHEREAS, the Court finds that this Consent Decree is a reasonable and fair settlement of the United States' claims against the Defendant in this case, and that this Consent Decree adequately protects the public interest in accordance with the RHA and other applicable law.

THEREFORE, before the taking of any testimony upon the pleadings, without further adjudication of any issue of fact or law, and upon consent of the parties hereto by its

2

authorized representatives, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## I.  JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action pursuant to 33 U.S.C. § 406, and 28 U.S.C. § 1331, 1345, and 1355.

2.     Venue is proper in the Florence Division, District of South Carolina pursuant to 33 U.S.C. § 406, and 28 U.S.C. § 1391(b) and (c), and 28 U.S.C.§ 121 (3) because the Defendant conduct business in this District, the subject property is located in this District in Horry County, and the cause of action alleged herein arose in this District in Horry County.

3.     The Complaint states claims upon which relief can be granted pursuant to Section 10 of the Rivers and Harbors Act of 1899 (RHA), 33 U.S.C. § 403.

## II.  APPLICABILITY

4.     The provisions of this Consent Decree shall apply to and be binding upon the parties to this action, as well as their officers, agents, servants, employees and successors.

5.     The transfer of ownership or other interest in the "Violation Site,"(as described in Exhibit A appended hereto and incorporated herein by reference) shall not alter or relieve Defendant of its obligation to comply with all of the terms of this Consent Decree.

## III.  SCOPE OF CONSENT DECREE

6.     This Consent Decree shall constitute a complete and final settlement between and among the Defendant and the United States of all claims that are the subject of the Complaint.

7.     This Consent Decree in no way affects or relieves the Defendant of its

responsibility to comply with any applicable federal, state, or local law, regulation or permit.

8.    This Consent Decree in no way affects the rights of the United States as against any person not a party to this Consent Decree.

9.    The United States reserves any and all legal and equitable remedies available to enforce the provisions of this Consent Decree and applicable law.

10.    Nothing in this Consent Decree shall constitute an admission of fact or law by any party.

## IV.  SPECIFIC PROVISIONS

### INJUNCTIVE RELIEF

11.    The Defendant shall be permanently enjoined and restrained from performing any further unauthorized engineering or construction activities on the "Violation Site", including, without limitation, any new construction, alteration, repair, maintenance, remodeling, or any other physical changes, without the authorization of the COE.  In the wetlands adjacent to the "Violation Site", the Defendant shall not cultivate, dredge, excavate, farm, fill, dewater, drain or otherwise disturb in any manner whatsoever any of the jurisdictional wetlands, without the authorization of the COE.

12.    The Defendant, at its own expense and at the direction of the U.S. Army Corps of Engineers, will propose a Restoration Plan to relocate the floating dock at the "Violation Site" in a manner acceptable to the COE.  This Restoration Plan will be submitted to the

4

COE within sixty (60) days after the entry of this Consent Decree for the approval by COE and the issuance of a Department of Army permit under Section 10 of the Rivers and Harbors Act of 1899 (RHA), 33 U.S.C. § 403. It will be the sole determination of COE to determine the removal, relocation, or other alternation of the floating dock at the "Violation Site", including any widening or deepening of the Atlantic Intracoastal Waterway and compliance with the Clean Water Act (CWA), specifically Section 404(a) of the CWA, 33 U.S.C.A. § 1344. See 33 C.F.R. § 323.3(a). Any proposed drawings must be prepared by a registered land surveyor. The Defendant will not be entitled to any compensation from the United States for any engineering, dredging and/or construction activities or for any damage or injury in performing the same. The Defendant understands that the Corps of Engineers will enter onto the "Violation Site" for purposes of monitoring and measuring compliance with the terms and conditions of this Consent Decree.

## V.  PUBLIC ACKNOWLEDGMENT

13.     Defendant agrees to publish the following Public Acknowledgment in the Sunday Edition of *The Sun News* a local newspaper in Myrtle Beach, South Carolina within thirty (30) days after the entry of the Consent Decree. The Public Acknowledgment will be in 13 point type or greater and be contained on a quarter size page of the newspaper. Defendant will be solely responsible for placing this Public Acknowledgment in *The Sun News* and for paying for all associated costs and expenses. The Public Acknowledgment will specifically state as follows:

A Public Acknowledgment

5

A civil action was commenced by the United States Attorney under Section 10 of the Rivers and Harbors Act of 1899, 33 U.S.C. § 403 to obtain injunctive relief against Seven Seas Marine Construction, Inc., Murrells Inlet, South Carolina for the creation of an obstruction to the navigable waters of the United States in Horry County, South Carolina without authorization by the United States Department of the Army, in violation of Rivers and Harbors Act. Seven Seas deviated from plans for a permit for a structure approved by the Chief of Engineers and Secretary of the Army. The deviation occurred in the Atlantic Intracoastal Waterway off of Dick Pond Road, Socastee Township, Myrtle Beach. Defendant acknowledges that it built the structure out of compliance with the intention of applying for a modification to the permit at a later time.

As a part of the settlement, Defendant has agreed to propose a Restoration Plan, at its own expense and at the direction of the Corps of Engineers, to determine the removal, relocation, or other alternation of the illegally built floating dock, including any widening or deepening of the Atlantic Intracoastal Waterway. Seven Seas further acknowledges that the navigability of the Atlantic Intracoastal Waterway should be protected.

## VI.  DISPUTE RESOLUTION

14.    Any dispute that arises with respect to the meaning or requirements of this Consent Decree shall be, in the first instance, the subject of negotiations among the parties to this Consent Decree affected by the dispute to attempt to resolve such dispute.  The period for negotiations shall not extend beyond thirty (30) days beginning with written notice by one party to the other affected party or parties that a dispute exists, unless agreed to in writing by those parties.  Following the 30-day negotiation period, if the affected parties are unable to agree upon the meaning or the requirements of this Consent Decree, any affected party may petition the Court for resolution of the dispute.  The petition shall set forth the nature of the dispute and a proposal for its resolution.  Any other affected party shall have thirty (30) days to respond to the petition and propose an alternate resolution.  In resolving any such dispute, the controlling standard shall be which of the parties' proposals most appropriately fulfills the terms, conditions, requirements and objectives of this Consent Decree and the CWA.

15.    The filing of a petition asking the Court to resolve a dispute shall not extend or postpone any obligation of the Defendant under this Consent Decree, except as provided below regarding payment of stipulated penalties.

## VII.  FORCE MAJEURE

16.    The Defendant shall perform the actions required under this Decree within the time limits set forth or approved herein, unless the performance is prevented or delayed solely by events that constitute a Force Majeure event.  A Force Majeure event is defined as

7

any event arising from causes beyond the control of one of the Defendant, including its employees, agents, consultants and contractors, which could not be overcome by due diligence and which delays or prevents the performance of an action required by this Consent Decree within the specified time period.  A Force Majeure event does not include, inter alia, increased costs of performance, changed economic circumstances, changed labor relations, normal precipitation or climate events, changed circumstance arising out of the sale, lease or other transfer or conveyance of title or ownership or possession of a site, or failure to obtain federal, state or local permits.

17.    If Defendant believe that a Force Majeure event has affected such Defendant's ability to perform any action required under this Consent Decree, such Defendant shall notify the Unites States in writing within seven (7) calendar days of the event at the addresses listed in Section IX.  Such notice shall include a discussion of the following:

A.    what action has been affected;

B.    the specific cause(s) of the delay;

C.    the length or estimated duration of the delay; and

D.    any measure taken or planned by the Defendant to prevent or minimize the delay and a schedule for the implementation of such measures.

The Defendant may also provide to the United States any additional information that they deem appropriate to support its conclusion that a Force Majeure event has affected its ability to perform an action required under this Consent Decree.

18.    If the United States determines that the conditions constitute a Force Majeure

event, then the deadline for the affected action shall be extended by the amount of time of the delay caused by the Force Majeure event.  The Defendant shall coordinate with COE to determine when to begin or resume the operations that had been affected by any Force Majeure event.

19.     If the parties are unable to agree whether the conditions constitute a Force Majeure event, or whether the length of time for fulfilling the provision of the Consent Decree at issue should be extended, any party may seek a resolution of the dispute under the procedure in Section VI of this Consent Decree.

20.     The Defendant shall bear the burden of proving (1) that the noncompliance at issue was caused by circumstances entirely beyond the control of such Defendant and any entity controlled by the Defendant, including its contractors and consultants; (2) that the Defendant or any entity controlled by the Defendant could not have foreseen and prevented such noncompliance; and (3) the number of days of noncompliance that were caused by such circumstances.

## VIII.   <u>ADDRESSES</u>

21.     All notices and communications required under this Consent Decree shall be made to the parties through each of the following persons and addresses;

A.    To the United States Department of Justice:

        R. Emery Clark, Attorney
        Assistant United States Attorney
        U.S. Department of Justice
        1441 Main Street, Suite 500
        Columbia, SC  29201


B.    To Defendant:

        Martin L. Stark, Esquire
        Parsons, Ouverson, Stark & Guest, PA
        P.O. Box 2850
        11915 Plaza Drive
        Murrells Inlet, SC 29576-2850

## IX.  COSTS

22.    Each party to this Consent Decree shall bear its own costs and attorney's fees in this action.  Should the Defendant subsequently be determined by the Court to have violated the terms or conditions of this Consent Decree, the Defendant shall be liable for any costs or attorney's fees incurred by the United States in any actions against the Defendant for noncompliance with or enforcement of this Consent Decree.

## X.  PUBLIC COMMENT

23.    The parties acknowledge that after the lodging and before the entry of this Consent Decree, final approval by the United States is subject to the requirements of 28 C.F.R. § 50.7, which provides for public notice and comment.  The United States reserves the right to withhold or withdraw its consent to the entry of this Consent Decree if the comments received disclose material facts, which lead the United States to conclude that the proposed

judgment is inappropriate, improper, or inadequate.  The Defendant consent to the entry of this Consent Decree without further consent.

## XI.  **CONTINUING JURISDICTION OF THE COURT**

24.    This Court shall retain jurisdiction over this action in order to enforce or modify the Consent Decree consistent with applicable law or to resolve all disputes arising hereunder as may be necessary or appropriate for construction or execution of this Consent Decree.  During the pendency of the Consent Decree, any party may apply to the Court for any relief necessary to construe and effectuate the Consent Decree.

## XII.  **MODIFICATION**

25.    Upon its entry by the Court, this Consent Decree shall have the force and effect of a final judgment.  Any modification of this Consent Decree shall be in writing, and shall not take effect unless signed by both the United States and the Defendant and approved by the Court.  This Consent Decree shall terminate upon the later of five (5) years or the fulfillment of all obligations under Section IV of this Consent Decree.

AGREED AND ACCEPTED.


Date: June 5, 2012                                 *s/ R. Emery Clark*
                                                   R. EMERY CLARK
                                                   Assistant United States Attorney
                                                   District of South Carolina

11

Date:  June 5, 2012                    _s/ Brian Nutter_____
                                       BRIAN NUTTER
                                       Assistant District Counsel
                                       Army Corps of Engineers


Date: June 4, 2012                     _s/ Martin L. Stark_____
                                       Martin L. Stark, Esquire
                                       Attorney for Defendant



IT IS SO ORDERED.

Dated and entered this 20th day of June, 2012.



                                       s/R. Bryan Harwell_____
                                       United States District Judge